IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICKIE A. WRIGHT,                   :

       Plaintiff,                :  Case No. 3:09cv115

  vs.                              :  JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,    :

       Defendant.               :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#13) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, REVERSING AND
VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT
DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO
THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF
42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS
CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On March 4, 2010, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon a thorough de

novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), the reasoning and citations of authority set forth in the Memorandum accompanying the Plaintiff's Objections to said judicial filing (Doc. #13), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, reverses and vacates the decision of non-disability rendered by the Magistrate Judge, and orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The captioned cause is ordered remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed and vacated. Plaintiff's Objections to the Magistrate Judge's Report and Recommendations are sustained.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made.

This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict

when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with Plaintiff that the Administrative Law Judge's evaluation of pain was not based upon the proper legal criteria, specifically, the Duncan-Jones cases and their progeny. In this instance, Plaintiff has a well-documented and established, severe cervical spine condition which could reasonably cause the pain she experiences. Yet, the Administrative Law Judge puts forth no analysis on this point. While much is made of the possibility of the Plaintiff's malingering, this Court finds it of interest that the Administrative Law Judge found her to be credible, with regard to disability based on changes in age categories affecting Medical-Vocational Rule Findings, but that she is not deemed credible prior thereto. While this can be excused as a purely mechanical application of the Grid, based on changes in the Plaintiff's age category, this Court believes that, considering this comment, Tr. 30, in context, the Administrative Law Judge is indicating that Plaintiff is, in fact, credible concerning both the severity of her pain and its affect on her ability to work. This Court finds it difficult to understand how one could be credible one day, but not credible the following day, based upon the same set of facts and circumstances.

2. In addition to a remand for proper evaluation of pain, remand must be had to consider the Plaintiff's severe impairments, physical and mental, in combination. Herein, this is particularly critical, given that her mental impairments and many of her physical such are not of the type that can be documented with objective testing and/or criteria. Dr. Flexman and others clearly indicate that the

Plaintiff's psychological condition was contributing to her pain. For example, as stated by Dr. Ward, Tr. 362, "[h]er psychological condition exacerbates pain under stress and has often become debilitating and her pain causes reciprocal deterioration in psychological condition."

3. This Court believes that the Administrative Law Judge erred in the discounting/disregarding of Plaintiff's medical and mental health source treatment providers, with regard to the interaction between Plaintiff's physical and mental impairments. Other than "cherry-picking" isolated comments from progress notes, those notes, consisting of observations and testing, are not internally inconsistent with findings of disability, either on physical or mental impairments, standing alone, or in combination.

4. The Administrative Law Judge's discounting of Dr. Ward's opinion, finding that it was "less than fully objective because Plaintiff was seeing him with reference to a related Workers Compensation claim," is, in this Court's opinion, unsupported by any (let alone substantial) evidence in the record as a whole. It is this Court's understanding that Plaintiff delayed seeking treatment, due to lack of funds, until said treatment could be compensated by Workers Compensation. The Administrative Law Judge's conclusion, set forth above, is nothing less than his reading the mind of the treating physician, Dr. Ward.

5. The Administrative Law Judge found that Plaintiff was disabled, beginning on February 13, 2007, the date her age category changed. Pursuant to

regulations of the Defendant Commissioner and prevailing case law, a period of time within six months of that age change, to wit: from August 13, 2006, would place Plaintiff in the "borderline" stage, thus allowing Plaintiff to be evaluated by the Commissioner on the question of whether, from August 13, 2006, her age category was appropriate. At the very least, upon remand, the question of whether Plaintiff was so disabled from August 13, 2006, must be considered.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #13) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing and vacating the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. Section 405(g), for further administrative proceedings consistent with this opinion, in order to determine whether Plaintiff was disabled, within the meaning of the Social Security Act, prior to February 13, 2007.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 30, 2010                                /s/ Walter Herbert Rice
                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Kim Soo Miller, Esq.