# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

VICKIE WRIGHT                    :

                Plaintiff,

  -vs-

MICHAEL ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.        :

Case No. 3:09-cv-115

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Allowance of Attorney Fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). (Doc. 16). Plaintiff has represented to the Court that the Commissioner does not want "to take a stand on whether or not he objects on the issue of 406(b) motions." PageID 128. Indeed, Commissioner has not filed an opposition to Plaintiff's Motion and the time within which to do so has passed. S.D. Ohio Civ. R. 7.2(a)(2).

Plaintiff has moved the Court for the allowance of attorney fees in the amount of Fifteen Thousand Dollars ($15,000.00). In support, Plaintiff has submitted a copy of the fee agreement she entered with her counsel and a copy of the Commissioner's award letter advising Plaintiff that the administration has withheld $30,049.60 from Plaintiff's past due benefits for the payment of attorney fees which represents 25% of Plaintiff's past due benefits. PageID 140; 145. Finally, Plaintiff has also submitted counsel's Fee Application Affidavit which reflects, *inter alia*,

that there were 27.80 attorney hours spent pursuing this action on Plaintiff's behalf. PageID 137-38.

Section 206(b) of the Social Security Act, 42 U.S.C. §406(b), authorizes courts to award attorney fees after the successful prosecution of social security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. In the Sixth Circuit, there several leading cases on the award of attorney fees in successful social security appeals.

In *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972), *overruled on other grounds, Horenstein v. Secretary of Health and Human Services,* 35 F.3d 261 (6th Cir. 1994), the Court expressed its concern that delay in the judicial processing of social security appeals would inflate awards of fees because the mere passage of time would increase the past due benefits from which the fee award would be made.[1] Therefore, *Webb* limited the length of time that could be used to compute the amount of past-due benefits which would be subject to the award of attorney fees. The court held that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months [of the case being at issue]." *Webb,* 472 F.2d at 538. The Sixth Circuit reaffirmed the temporal limitation of *Webb* in *Dearing v. Secretary of Health and Human Services,* 815 F.2d 1082 (6th Cir. 1987).

In *Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir. 1989), the court addressed the question of contingent fee agreements in social security appeals. The court held that a 25% fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Id.* at 746. In addition, the *Rodriquez* court stated:

---

[1] In *Webb,* the Sixth Circuit also adopted the single forum rule. However, the Court abandoned that rule in *Horenstein.*

> Deductions generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

*Id.*

In *Royzer v. Secretary of Health and Human Services,* 900 F.2d 981 (6th Cir. 1990), the court applied *Rodriquez* in a situation where the district court had reduced a request for attorney fees in a case where there was a contingent fee agreement solely because the fee agreement would have resulted in what the district court perceived as a higher than normal hourly rate. In rejecting the district court's approach, the *Royzer* court said:

> Although [counsel] did not bill on an hourly basis, the district court computed his hourly rate by dividing the hours worked into the amount of the requested fee. The result was an hourly rate of $151.51. We tend to agree with the trial judge that, viewed as an hourly rate billing, this is on the high side; however, this is not an hourly rate billing. It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge computed it here. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and under compensate in others. It is the nature of the beast.

*Id.* at 982. The *Royzer* court did not reject the idea that a district judge could never reduce a contingent fee agreement to an hourly rate as part of the calculation of an appropriate fee. However, the court did stress that if there is to be a reduction in a contingent fee request, it must be in accordance with the standards set forth in *Rodriquez*.

In *Hayes v. Secretary of Health and Human Services,* 923 F.2d 418 (6th Cir. 1990), the court elaborated on *Royzer*. The *Hayes* court said that "under *Rodriquez*, a windfall can never

3

occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted by the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. In other words, in a contingent fee case, unless and until the hypothetical hourly rate exceeds twice the standard rate, a court may not conclude that the requested fee is a windfall. The *Hayes* court also said that it was not limiting the discretion vested in the district courts to make deductions for improper attorney conduct or ineffectiveness of counsel. *Id.*

With these principles in mind, the Court turns to the present Motion.

As reflected by the Commissioner's award letter, counsel's requested fee of $15,000.00 represents less than 25% of Plaintiff's past-due benefits and counsel's affidavit indicates that counsel spent 27.80 hours representing Plaintiff. Counsel's requested fee of $15,000.00 for 27.80 hours represents an hourly rate of $539.57. Using a conservative hourly rate of $175.00 and multiplying the number of hours counsel expended, the resulting product is $4845.00, and Plaintiff's requested fee of $15,000.00 is more than three times that product. Accordingly, Plaintiff's requested fee will arguably result in a windfall. However, for the following reasons, this Court concludes that Plaintiff's requested fee will not result in a windfall.

First, the Court notes that Plaintiff and her counsel entered into a contingent fee agreement which provides that counsel is entitled to 25% of past due benefits. Second, as noted above, the request fee reflects less than 25% of the past due benefits in this matter. Third, there is no evidence in the record, nor are there any allegations, of improper attorney conduct. Finally, the Report and Recommendations was issued within three (3) months of the matter being at issue, and Judge Rice's Decision and Entry rejecting that Report and remanding the matter to the Commissioner was issued in fewer than thirty (30) days of the Report. See, Doc. 12, 14, 15.

4

This Court concludes that the requested fee in this case is reasonable and therefore Plaintiff's Motion for Attorney Fees is well taken.

It is therefore recommended that Plaintiff's Motion for Allowance of Attorney Fees in the amount of $15,000.00 be granted.

July 6, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

J:\\SocialSecurity\Wright_SS_Fees.docx

NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).